STAUFFER CHEMICAL
COMPANY, Appellant,

v.

Estelle GREENWELL, Widow of William M. Greenwell, Deceased; John Calhoun Wells, Secretary, Labor Cabinet (Special Fund); and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

July 25, 1986.

Case Ordered Published by Court of Appeals Aug. 8, 1986.

William P. Swain, Wesley G. Gatlin, Louisville, for appellant.

Stuart E. Alexander, Cathy Utley Costelle, Labor Cabinet, Louisville, for appellees.

Before COOPER, DUNN and Mc-DONALD, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court upholding a finding of the Workers' Compensation Board that the decedent/employee had sustained a work-related injury and, therefore, was entitled to benefits under the statute. The circuit court ordered the Board to amend its ruling to provide that the Special Fund be required to pay forty percent (40%) of the award given the fact that the decedent died as the result of an occupational disease. On appeal, the single issue is whether the ruling of the Board was supported by substantial evidence of probative value. KRS 342.285(1), (3)(c), (d). It is from such order that the appellant/employer now appeals. The Special Fund has failed to appeal from the circuit court's order.

Without reciting all the facts herein, the essential question presented to the Workers' Compensation Board was whether substantial evidence existed to establish the probability, or extreme possibility, of a causal relationship between the death of the decedent, William M. Greenwell, and his years of employment with the appellant, Stauffer Chemical Company. In ruling that substantial evidence *did* exist to establish a link between the decedent's death and his exposure to the chemicals

with which he worked for twenty-eight years, the Board effectively ruled that the decedent's death was precipitated by his job exposure. *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). In effect, the Board ruled that it was entitled to deduce medical probability from the totality of the circumstances.

In upholding the Board's ruling, the circuit court ruled as follows:

Factually the situation is one with the deceased, Mr. Greenwell, having been employed for 28 or 29 years with the Appellant company. He died on April 18, 1982, of a blood disease as set forth in the record. The finding was that his death was caused by prolonged exposure to life endangering chemicals. The issues raised herein may be divided into two categories, the first being the issue as to whether there was evidence sufficient for the Board to find that the death of Mr. Greenwell was from exposure to the chemicals with which he worked and to which he was exposed during his work years. The second issue would be the assertion that 40% of any award should be taxed against the Special Fund. Handling these matters in reverse order, the Court finds that KRS 342.-316(13)(a) does apply and if award be made the Special Fund should bear that percentile of payment.

The Appellant, Stauffer Chemical Company, predicates its attack upon the assertion that there was not proof positive that the deceased met his death as a result of exposure to chemicals. The thrust of its argument is that a possibility is not sufficient and that a probability must be found and that more than a casual connection need be found in order to allow an award to be made in this instance. This really resolves itself into an issue of whether the evidence which was heard by the Board was substantial evidence of probative value upon which the Board's finding could be predicated. A battle of words and their meanings comes before the Court. Is "highly likely" the equivalent of "probable?" Is the evidence offered as to diseases which have been related to exposure of chemicals such as those herein dealt with sufficient basis to predicate the death in this instance—while from a cause described in different medical terminology—a "probable" cause? Must the cause of death as testified to by the medical persons testifying fall into a category of absolute probability or may it be deemed to be a situation wherein "highly likely" supplies the necessary ingredient to reach the legal plateau of probability?

■ From examination of the record herein the Court believes and finds that the evidence which the Board heard from Drs. Reid, Fitzpatrick, Chen, and Tamburro when coupled with the other evidence heard was sufficient basis upon which the Board could make and did make its determination that the death was caused by exposure to the chemicals. Accordingly the Appellant's contention of a lack of basis is found wanting and the finding of liability is upheld.

■ The Court, as above-pointed out finds that the Special Fund is liable to the extent of 40% and the matter is referred back to the Board for correction and an amended order in conformity with this opinion.

As a court of review, this Court cannot overturn a decision of the Board if such is supported by substantial evidence of probative value. KRS 342.285(1), (3)(d). Here, notwithstanding the appellant's arguments that the experts in question testified in terms of possibility rather than in terms of probability, we find that the totality of the medical testimony *did* establish a cause or a link between the decedent's death and his working conditions. Language utilized by the experts in question, in which causation was established in terms of "distinct possibility" or "high likelihood," goes beyond the realm of mere speculation, or even the realm of mere possibility to that of probability and causation itself. Taken as a whole, we find that the medical evidence did constitute substantial evidence of probative value supporting the underlying finding of causation set forth by the Board. *See Certain-Teed Products Corp. v. Mitch-*

*ell*, Ky.App., 574 S.W.2d 910 (1979). Accordingly, the order of the circuit court is affirmed.

The order of the circuit court must be affirmed.

All concur.